## SLATER v. NEW YORK CITY RY. CO.

(Supreme Court, Appellate Term.　June 22, 1905.)

WITNESSES—CREDIBILITY—EVIDENCE—CONCLUSIONS.

> Evidence of a witness in rebuttal that one of defendant's employés related in detail the direct examination of the plaintiff, and went over the testimony, and said to other witnesses, "Now, don't forget, and get mixed up," for the purpose of attacking the credibility of such other witnesses, was inadmissible as containing statements of conclusions.

Appeal from Municipal Court, Borough of Manhattan.

Action by Jane Slater against the New York City Railway Company. From a Municipal Court judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before SCOTT, P. J., and DUGRO and MacLEAN, JJ.

William E. Weaver, for appellant.

Walter W. Irwin, for respondent.

PER CURIAM. A witness (Becherer) called by plaintiff in rebuttal was permitted to testify, referring to one Donohue, an employé of defendant, that "he related in detail the direct examination of the plaintiff, and went over the testimony with them, and said, 'Now, don't forget, and get mixed up.'" This evidence was ad-

mitted, as the court stated, for the purpose of attacking the credibility of the other witnesses, over defendant's objection to it as incompetent. After its admission a motion was made by defendant to strike it out as incompetent, and denied. The defendant properly excepted to the rulings. These exceptions present reversible error. The evidence was incompetent, as containing statements of conclusions. Its admission may have prejudiced the defendant. It is unnecessary to consider the other questions presented by the record, further than to call attention to the apparent lack of convincing evidence of negligence on the part of the defendant.

The judgment will be reversed, and a new trial ordered, with costs to appellant to abide the event.